**PERRY et al. v. CYPHERS et al.**

No. 13046.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1951.

W. J. Durham, U. Simpson Tate, both of Dallas, Tex., for appellants.

Cary M. Abney, Benjamin T. Woodall, Ernest F. Smith, all of Marshall, Tex., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

McCORD, Circuit Judge.

Plaintiffs, as Negro citizens and qualified electors of Harrison County, Texas, brought this class suit on April 22, 1949, alleging that the Citizens Party of Harrison County, Texas, by its officers and agents acting as administrative officers of the State of Texas, had denied them the right to vote in two primary elections held in Harrison County, Texas, in July and August, 1948, on account of their race and color, and in violation of Sections 2 and 4 of Article I, and the fourteenth, fifteenth and seventeenth amendments of the United States Constitution. The prayer is for a declaratory judgment, injunctive relief, and money damages.

Defendants, in answer, admitted that plaintiffs are Negro citizens of Harrison County, Texas, but alleged that they are not entitled to vote in the primary elections

held by the Citizens Party because they are not members of such party, and cannot become members for the reason they are members of the Negro race. Defendants admitted having refused plaintiffs the right to vote in the primary elections of the Citizens Party because of their race and color, but denied that in so doing they had acted as administrative officers of the State of Texas.

The evidence is practically without dispute that for many years Harrison County, Texas, has had a predominant Negro population. For over fifty years the Citizens Party has been the only political party which regularly holds primary elections for the nomination of county and precinct officers in Harrison County. The party is local in character and has no statewide organization, but its affairs and primary elections have nevertheless been conducted according to the primary election laws of the State of Texas. Election judges have been appointed to hold the primary elections, and have held such elections for many years pursuant to state statute. The primary elections are held on the same day required by statute for holding primary elections in Texas, and during the same hours required by the statutes of Texas for holding such elections. Only qualified white electors are permitted to vote in these elections, and Negroes are systematically excluded from voting because of their race and color.

It was further shown that the voting precincts of the Citizens Party were the same used by the public officials of Harrison County, Texas, in the general election; That at the conclusion of the Citizens Party primaries the nominees of such party are certified to the County Clerk of Harrison County, and their names are placed upon the general ballot and voted upon in the general election; that neither the Democratic Party nor any other political party

other than the Citizens Party has held any primary election for county and precinct officers in Harrison County for more than fifty years, and during that entire period the nominees of the Citizens Party have been consistently elected to such offices in the general election.

There is uncontradicted testimony by one of the appellees, J. W. Cyphers, to the effect that he was Chairman of the Citizens Party, which was organized in 1876, and that he had voted as a lifelong Democrat in such party since 1908; that the Citizens Party has held primary elections in Harrison County, Texas, since 1908, and he had no recollection of any other political party having held a primary election for county or precinct officers during that period; that the Democratic Party held primary elections in Harrison County for the candidates who ran for district, state, and federal offices, and the County Chairman, while the Citizens Party held its primary elections for the various county and precinct offices; and that the Democratic Party nominees, along with the nominees of the Citizens Party, all appeared on the Democratic ballot at the general election held in November of every even year. He further testified that the primary elections of the Citizens Party were held in accordance with Article 3163 of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. Art. 3163, that the Citizens Party determined the qualifications of persons entitled to vote in its primaries, and that the only qualifications for membership and voting in such party were that the prospective voter be a white person, have certain residence qualifications, and be the holder of a poll tax receipt; that the requirement that a person be white in order to vote in a Citizens Party primaries was made effective by virtue of a resolution passed at a mass meeting of the Citizens Party held each even year.[1]

1. A portion of the testimony of appellee, J. W. Cyphers, appears as follows:

"Q. Mr. Cyphers, I believe that you said you held the primary elections pursuant to Article 3163. A. Yes.

"Q. That is, of the Revised Civil Stat-

utes of 1935 and the subsequent amendments. A. It was.

"Q. Now, do you have a membership roll? A. We do not.

"Q. Do not. I believe the only way you determine the qualification of a voter

It is further without dispute that primary elections were held in Harrison County, Texas, on July 24, 1948, and August 28, 1948; that on the Democratic primary ballot appeared the names of candidates for the various federal, district and state offices, while on the Citizens Party primary ballot appeared the names of candidates for the precinct and county offices; that several negroes who were shown to meet all of the statutory requirements for voting where permitted to vote in the Democratic primary for their candidates for the federal, district and state offices, but were refused the right to vote in the Citizens Party primary for their candidates for the precinct and county offices solely because of their race and color; that in the November general election following the primary elections held by both the Democratic Party and the Citizens Party these negroes were permitted to vote the Democratic ticket for all elective offices, including the precinct and county offices, although the candidates for these latter offices had already been nominated in the Citizens Party primary election, and their election to office, for all practical purposes, had thereby been assured.

The trial court found that appellants had been denied the right to vote in the primary elections of the Citizens Party because of their race and color, but nevertheless dismissed the action on the ground that they had not been deprived of a voice in the political affairs of Harrison County because their right to vote had been preserved in the general election; moreover, that appellants had failed to take advantage of other voting privileges which were available to them under the law, and which would have afforded them a chance to participate through their own efforts and organizations in the election of the county and precinct officers of Harrison County.[2]

Ours is not the province to step down into the forum and debate with open minds the issues here presented. This is a Government of laws and not of men. We are sworn to uphold and defend the Constitution of the Republic, and our oath embraces the duty and obligation to adhere to the mandates of our Court of Last Resort as to the proper construction and interpretation to be placed upon it.

---

or an elector to vote in the Citizens primary is that he presents a poll tax receipt showing that he had paid his poll tax? A. It is.

"Q. And that he resides in the proper precinct? A. It is.

"Q. Is that right? A. That is right.

"Q. And any person, white person, who has such poll tax receipt, if presented during the proper hours, is permitted to vote? A. He is.

"Q. And the only qualifications to vote in the Citizens primary is that the voter is white and he holds a poll tax receipt? A. That is in accordance with a resolution passed by the mass meeting.

"Q. There is a mass meeting passed resolution that only white electors can vote? A. That is right.

"Q. And upon that resolution and the fact that he has a poll tax receipt and he is white, he is permitted to vote? A. And residence qualifications.

"Q. And residence qualifications. I mean all the other qualifications, pardon me. And if a Negro citizen is qualified; that is, he has all the qualifications prescribed and required by the constitution and the statutes, and he has a poll tax receipt and he presents himself in the proper precinct and he is not permitted to vote, because he is a Negro? A. He is not. No other race except the white.

"Q. No other race. Thank you. I believe the Executive Committee of which you are a member, you appoint or select the election judges? A. We do.

"Q. —to hold the primary elections? A. We do.

"Q. And you prepare the ballots and distribute the ballots to the election judges? A. I do.

"Q. The election judges take the same statutory oath to hold the election that the Democratic primary election officials take? A. They do. * * * *"

2. The court found that appellants would have had an opportunity to vote by getting their friends to write in their names on the Democratic ballot, or by having their league of negro voters nominate a county ticket in a convention and send it to the proper authorities, in spite of the undisputed fact that the Citizens Party of Harrison County was the only political party in such county which had held primary elections pursuant to state statute.

We believe it settled that the right of appellants and other legally qualified electors to vote for publicly elected officials is an individual right secured and protected by our Federal Constitution. United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Mitchell v. U. S., et al., 313 U.S. 80, 61 S.Ct. 873, 85 L.Ed. 1201; Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987.

The primary election of the Citizens Party in which appellants seek to participate has effectively controlled the election of candidates for the various precinct and county offices in Harrison County, Texas, for over fifty years, and the admitted purpose for its present and continued existence is to exclude otherwise qualified negro electors from voting solely because of their race and color. Furthermore, the evidence conclusively reveals that the Citizens Party is organized and conducted pursuant to statutes of the State of Texas, and that it constitutes an integral part of the election machinery of that state. See Article 3163, Texas Revised Civil Statutes. Under such circumstances, the language of the Supreme Court in the case of Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 764, 88 L.Ed. 987, is particularly applicable here: "We are thus brought to an examination of the qualifications for Democratic primary electors in Texas, to determine whether state action or private action has excluded Negroes from participation. Despite Texas' decision that the exclusion is produced by private or party action, Bell v. Hill, supra, 123 Tex. 531, 74 S.W.2d 113, federal courts must for themselves appraise the facts leading to that conclusion. It is only by the performance of this obligation that a final and uniform interpretation can be given to the Constitution, 'the Supreme Law of the Land' ".

We therefore conclude that the action of the Citizens Party in excluding these appellants from voting solely because of their race and color must be characterized as the type of discrimination forbidden by the Constitution of the United States. Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 765, 88 L.Ed. 987; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Baskin v. Brown, 4 Cir., 174 F.2d 391; Elmore v. Rice, D.C., 72 F.Supp. 516, 523; Rice v. Elmore, 4 Cir., 165 F.2d 387, certiorari denied, 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151; Chapman v. King, 5 Cir., 154 F.2d 460.

The cause is hereby reversed and remanded with directions to enter judgment enjoining and restraining appellees, their agents, employees or successors in office from excluding appellants from voting in the primary elections held by the Citizens Party of Harrison County solely because of their race and color.

Reversed and remanded with directions.